# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. McCARTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-3255-SSA-CV-S-WAK |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Claimant James McCarty seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on April 1, 2002, due to his bypass surgery, high blood pressure, breathing problems and ulcers.

The parties' briefs were fully submitted, and on September 3, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant James McCarty is in his late forties. He has a high school education, some college, and attended a truck driving school. In 2002, he had a heart attack and required quadruple bypass surgery. He did not return to his previous work as a construction worker, auto

2

wrecker or assembler. In 2004 and 2005, he worked in a limited capacity, and one of his jobs was as a truck inspector. He has not worked since April 3, 2005.

In 2002, he applied for Social Security benefits and his application was denied. He pursued administrative procedures with the agency, received a hearing and was once again denied benefits in 2004. He requested review, the matter was remanded for a new hearing, and on June 29, 2005, a favorable decision was rendered. That decision was questioned and his case was reopened because the Social Security Administration became aware he had recent income and appeared to be working. A de novo hearing was held in March 2006, and benefits were once again denied in May 2006.

In his request for judicial review, plaintiff asserts the Administrative Law Judge (ALJ) erred by substituting his opinions for the medical evidence, failing to develop the record, failing to consider plaintiff's impairments in combination, and posing an improper hypothetical to the vocational expert.

In the decision under review, the ALJ found McCarty had the severe impairments of coronary artery disease post myocardial infarction and coronary artery bypass graft, chronic obstructive pulmonary disease, and diabetes mellitus. The ALJ stated claimant did not meet one of the listed impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404. After considering the evidence, the ALJ found McCarty had the residual functional capacity to perform light work, and that there are a significant number of jobs in the national economy he could perform.

In his brief, plaintiff asserts he suffered three cardiac events requiring catheterization, angiography, ventriculography and stenting in a six-month period while he was attempting to work in 2005. He states his medical records show notes of depressed mood and anger in November 2002. He indicates he was diagnosed with COPD, but the ALJ did not find he had environmental limitations because he continued to smoke. Likewise, plaintiff claims the ALJ did not give proper weight to his diabetes, although he requires insulin, has some neuropathy in his feet, and his primary care physician classified his diabetes as uncontrolled.

Most importantly, plaintiff notes that the medical expert, George Bedell, M.D., opined in April 2005 that McCarty met a listing-level impairment set forth in Listings § 4.04.C.1.b. for his coronary artery disease, notwithstanding his other impairments.

3

In the final decision, the ALJ discounted Bedell's opinion because Bedell did not know McCarty had been working. McCarty's work, however, lasted less than twelve continuous months and was considered a trial work period. Shortly after Bedell gave his opinion, plaintiff had medical problems which required separate cardiac catheterization procedures in April and May 2005. He had another cardiac infarction in September 2005. He also had cataract surgery in November 2005.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001).

In this case, the ALJ discounted the opinion of the medical expert who said plaintiff met a listing-level impairment because the physician didn't know plaintiff had been working. The record, however, when looked at as a whole, shows plaintiff encountered fairly substantial additional medical problems when he attempted to work. The ALJ didn't seek further input by providing this work information to the expert and allowing him to re-evaluate plaintiff's medical condition. Likewise, the ALJ gave significant weight to plaintiff's work attempt, while at the same time acknowledging it did not include a period of time consisting of twelve consecutive months.

Given the overall record and the testimony of the medical expert that plaintiff met the criteria for a listing-level impairment entitling him to benefits, the court does not find the ALJ's decision is supported by substantial evidence on the record as a whole. The ALJ cited Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), in recognition of the factors to be considered, noted what he considered to be determinative inconsistencies in the record, and found plaintiff was capable of working. The ALJ did not, however, state how these inconsistences show plaintiff does not have a listing-level impairment or is capable of performing a full-time competitive job on a continuing and sustained basis.

When plaintiff attempted to work, he experienced additional medical problems. In addition to his cardiac problems, plaintiff had other medical conditions which would impact his

ability to work on a daily basis, and which must be considered in combination with his coronary artery disease. "For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis." Hall v. Chater, 62 F.3d 220 (8th Cir. 1995). There is not substantial evidence in the record to support the ALJ's determination that plaintiff could work on a daily basis.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 16th day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge